O

JS - 6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| MICHAEL PORTILLO-MAJANO, | ) | Case No. ED CV 10-01444 DDP (DTB) |
| | ) | |
| Petitioner, | ) | **ORDER (1) DENYING APPLICATION FOR TEMPORARY RESTRAINING ORDER AND (2) SUMMARILY DISMISSING PETITION FOR LACK JURISDICTION** |
| v. | ) | |
| JANET NAPOLITANO, Secretary, Department of Homeland Security, et al. | ) | [Application filed on September 21, 2010] |
| | ) | |
| Respondents. | ) | |

On September 21, 2010, Petitioner, a state pretrial detainee in custody at the Riverside County Jail in Indio, California, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, and an application for a temporary restraining order. Petitioner challenges the lawfulness of an immigration detainer lodged against him by the Department of Homeland Security, and asks the Court to order the detainer be lifted or stayed because it is affecting his ability to post bail.

"Federal courts are always under an independent obligation to examine their own jurisdiction . . . and a federal court may not entertain an action over which it has no jurisdiction." <u>Hernandez</u>

v. Campbell, 204 F.3d 861, 865 (9th Cir. 2000). A district court may summarily dismiss a § 2241 petition where "it appears from the application that the applicant or person detained is not entitled" to relief. See 28 U.S.C. § 2243. Habeas petitions under § 2241 are subject to the screening requirements that apply to § 2254 petitions. Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254 ("Habeas Rules"), Habeas Rule 1(b) (stating that "[t]he district court may apply any or all of these rules to a habeas corpus petition not covered by" § 2254). Habeas Rule 4 provides that the Court must "promptly examine" the petition and "[i]f it plainly appears the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Id. Habeas Rule 4.

    A writ of habeas corpus must "be directed to the person having custody of the person detained." 28 U.S.C. § 2243; see also id. § 2242 (requiring that the petition for writ allege "the name of the person who has custody over [petitioner] and by virtue of what claim or authority, if known.") "For a court to hear a petition for writ of habeas corpus, it must have jurisdiction over the prisoner or his custodian." Brittingham v. United States, 982 F.2d 378, 379 (9th Cir. 1992) (per curiam). The "proper respondent in a federal habeas corpus petition is the petitioner's 'immediate custodian.'" Id. (quoting Demjanjuk v. Meese, 784 F.2d 1114, 1115 (D.C. Cir. 1986)). "A custodian 'is the person having a day-to-day control over a prisoner. That person is the only one who can produce 'the body' of the petitioner.'" Id. (quoting Guerra v. Meese, 786 F.2d 414, 416 (D.C. Cir. 1986)). The Ninth Circuit has held that the

2

existence of "the bare [immigration] detainer letter alone does not sufficiently place an alien in INS custody to make habeas corpus available." Campos v. INS, 62 F.3d 311, 314 (9th Cir. 1995) (internal quotation marks and citation omitted).

    Here, as in Brittingham, 982 F.2d 379, Petitioner is in custody of "a California State facility" and his "custodian, within the meaning of the habeas corpus statute, [is] the warden of the facility where he [is] confined." The fact that Respondents have issued an immigration detainer letter "does not sufficiently place Petitioner] in INS custody to make habeas corpus available" against the named Respondents. Campos, 62 F.3d at 314.

    Because the face of the petition demonstrates that Petitioner is not in Respondents' custody, the Court DENIES the application for a TRO and DISMISSES the petition without prejudice.

IT IS SO ORDERED.

Dated: September 23, 2010

DEAN D. PREGERSON
United States District Judge